141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nancy Louise MILLER, Plaintiff-Appellant,
v.
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Defendant-Appellee.
 No. 97-15505.
D.C. No. CV-94-02602-ROS.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998.**
Decided March 13, 1998.
 
 Appeal from the United States District Court for the District of Arizona, Roslyn O. Silver, District Judge, Presiding.
 Before WOOD,*** HALL, O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff, Nancy Louise Miller ("Miller"), appeals the district court's summary judgment in favor of the Defendant, American Telephone and Telegraph Company ("AT & T"), in Miller's action alleging age discrimination in violation of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and wrongful termination in violation of public policy under Arizona law. This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 This court applies the three-step burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to cases of age discrimination:
 
 
 4
 [A] plaintiff must first establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory.
 
 
 5
 Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994) (quoting Lowe v. City of Monrovia, 775 F.2d 998, 1005 (9th Cir.1985) (internal quotation marks omitted)). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (quoting Texas Dep't. of Community Affairs v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (internal quotation marks omitted) (alteration omitted)).
 
 
 6
 The only issue on appeal in this case is whether Miller satisfied step three by creating a triable issue of fact as to the legitimacy of AT & T's alleged reasons for not reinstating or rehiring her. Miller's burden on the issue of pretext at the summary judgment stage is not great:
 
 
 7
 "[T]he plaintiff [who has established a prima facie case] need produce very little evidence of discriminatory motive to raise a genuine issue of fact" as to pretext. In fact, "any indication of discriminatory motive ... may suffice to raise a question that can only be resolved by a factfinder. Once a prima facie case is established ... summary judgment for the defendant will ordinarily not be appropriate...."
 
 
 8
 Warren v. City of Carlsbad, 58 F.3d 439, 443 (9th Cir.1995) (quoting Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991)), cert. denied 116 S.Ct. 1261 (1996). However, while Miller's burden is not great, she cannot rely on generalizations. Id. "[To] survive summary judgment, [plaintiff] must produce enough evidence to allow a reasonable factfinder to conclude either: (a) that the alleged reason for [plaintiff's] discharge was false, or (b) that the true reason for discharge was a discriminatory one." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918 (9th Cir.1997). Miller pursues only the first option, arguing that AT & T's stated reasons are not credible.
 
 
 9
 * Miller challenges the credibility of AT & T's explanation that she was not reinstated following her leave of absence because no account representative positions were available at that time. However, none of the evidence presented by Miller undermines AT & T's claim that on December 7, 1992, there were no available account representative positions.
 
 
 10
 Miller first challenges the credibility of AT & T's explanation based on AT & T's alleged failure to explain its reason until two months after Miller's termination. However, Miller was repeatedly warned prior to her leave of absence that AT & T did not guarantee reinstatement. Reinstatement could occur only if a position were available. Additionally, at the time of Miller's termination in December of 1992 she was invited to and did submit an employment application so that she could be considered for future job openings. In light of these facts, we do not believe that AT & T's alleged failure to immediately explain Miller's termination creates a triable issue of fact as to the credibility of its explanation.
 
 
 11
 Second, Miller argues that AT & T gave inconsistent explanations as to why no positions were available at the expiration of Miller's leave of absence. We disagree. AT & T at all times maintained that no account representative position was available when Miller's leave of absence expired on December 7, 1992. The only inconsistency cited by Miller is AT & T's confusion over the date of Semkow's hiring. This inaccuracy is irrelevant because it is uncontroverted that she was hired no later than November 30, 1992, and began working on December 6, 1992, one day before the expiration of Miller's leave of absence.
 
 
 12
 Finally, Miller argues that the hiring of Semkow was a sham evidenced by the date of her hiring, Miller's continuing appearance on the head count, and AT & T's failure to follow its own hiring policies. These benign facts, however, fail to support any theory of a sham; they are insufficient by themselves to give rise to a genuine issue of material fact. Once again, what matters is that Semkow, who previously applied on her own initiative, was hired by November 30, 1992, and began working on December 6, 1992, before Miller's leave of absence expired. Miller's theories about Semkow's hiring do not undermine AT & T's contention that no position existed on December 7, 1992.
 
 II
 
 13
 Miller also challenges the veracity of AT & T's explanation for not offering her one of the 132 Term Full Time positions available in April of 1993. AT & T contends that it did not offer Miller a Term Full Time account representative position because she had made it clear in her employment application and subsequent refusal to accept a Part Time position that she was willing to accept only Regular Full Time employment.
 
 
 14
 Miller makes three arguments in an attempt to challenge the credibility of AT & T's explanation. First, the employment application did not list Term Full Time positions as an option; therefore, AT & T had no way of knowing whether Miller would be interested in such a position. Second, Miller asserts that AT & T's supposed reliance on her employment application is inconsistent with its January 1993 offer to her of part time employment. Finally, just two weeks after Miller filed suit she filled out a new application that did not ask applicants to indicate the type of work desired and was immediately hired as a Term Full Time account representative.
 
 
 15
 None of these arguments raises a triable issue of fact. Miller specifically indicated on her application that she was interested only in Regular Full Time Employment. She confirmed this fact when AT & T immediately offered her a Part Time position and Miller rejected it. She also confirmed this fact in her deposition, stating that she understood that Regular Full Time was different from Temporary or Term Full Time and that she was interested only in a Regular Full Time position. Once Miller filed suit expressing her desire to be offered a Term Full Time position, AT & T offered her one. Contrary to Miller's contentions, these facts do not suggest that AT & T's explanation for not offering Miller a Term Full Time position was pretextual. In fact they do quite the opposite; the facts support AT & T's reasonable explanation for its actions.
 
 
 16
 AFFIRMED.
 
 
 
 **
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3